[756 NYS2d 857]

# In the Matter of JOSHUA BERGER, an Attorney, Resignor.

Second Department, March 24, 2003

### APPEARANCES OF COUNSEL

*Meissner, Kleinberg & Finkel*, New York City (*Ronald Kleinberg* of counsel), for resignor.

*Diana Maxfield Kearse*, Brooklyn (*Susan Korenberg* of counsel), for Grievance Committee for the Second and Eleventh Judicial Districts.

### OPINION OF THE COURT

Per Curiam.

Joshua Berger has submitted an affidavit dated October 14, 2002, wherein he tenders his resignation as an attorney and

counselor-at-law (*see* 22 NYCRR 691.9). Mr. Berger was admitted to the bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on May 20, 1998.

Mr. Berger avers that his resignation is freely and voluntarily tendered, with a full awareness of the implications and consequences of its submission, and that he is not being subjected to coercion or duress. Mr. Berger acknowledges that the Grievance Committee is currently investigating seven complaints of professional misconduct against him including allegations that he neglected immigration matters he was retained to handle, failed to return clients' calls, and failed to reregister as an attorney with the Office of Court Administration.

Mr. Berger further acknowledges that he could not successfully defend himself on the merits against any charges predicated upon the allegations of misconduct in question.

Mr. Berger submits his resignation subject to any application which could be made by the Grievance Committee for an order directing that he make restitution and reimburse the Lawyers' Fund for Client Protection pursuant to Judiciary Law § 90 (6-a). He acknowledges the continuing jurisdiction of the Appellate Division to make such an order. Mr. Berger is aware that any order issued pursuant to Judiciary Law § 90 (6-a) could be entered as a civil judgment against him and he specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

The Grievance Committee urges acceptance of the respondent's resignation.

Inasmuch as the proffered resignation tendered by Mr. Berger comports with the requirements of 22 NYCRR 691.9 and all appropriate rules of this Court, it is accepted. Effective immediately, Joshua Berger is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law.

PRUDENTI, P.J., RITTER, SANTUCCI, ALTMAN and CRANE, JJ., concur.

Ordered that the resignation of Joshua Berger is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joshua Berger is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Joshua Berger shall promptly comply with the rules of this Court governing the conduct of disbarred,

suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Joshua Berger is commanded to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.